Number 171754, United States v. Roderick Perez-Gonzalez. Good morning, Mr. Marrelli. Good morning, Honorable Judge Torres. Good morning to the rest of the panel. I would like to reserve four minutes for rebuttal. You may. Thank you. If you please, the court. Two indictments, one ongoing conspiracy. That's the case of Mr. Roderick Perez-Gonzalez. He was first charged by the federal government in Puerto Rico in 2002, the first conspiracy, and after serving time, charged again for a second conspiracy in the year 2016. Both conspiracies charge overt acts or actions that occurred, not overt acts, but actions that occurred in the year 2010. Here, the trial counsel did not file a motion for dismissal under a double-year pardee, so plain error applies. But going to the facts of the case or the actual issues on the case regarding substantive motion, this court has devised a five-factor test to determine whether one conspiracy continues to be the same conspiracy for double-year pardee purposes. Yes? Can you go to Brosee, the case, and tell me how it applies or doesn't apply to this situation? Sure. I will say, Your Honor, that Brosee, with the Mina-Blackledge and the most recent case of Clast, applies in the way that allows this appeal to go forward. And let me explain why. Basically, we are here, it's not an issue of waiver per se, it's an issue for future as per Supreme Court law and these honorable court cases. And plain error reviews applies because on the face of the evidence that the trial court had in the second case, it's obvious and clear that there was a double-year pardee issue. On the facts, Brosee, which the government cites as authority to deny double-year pardee protection, the facts are very different. Brosee was a fraud construction case where the defendant planned and engaged and conspired to defraud on a construction project and years afterwards conspired and acted to defraud on a different construction project. Here, it's the same place, the same ongoing conspiracy, the same manners and means, the same purpose, to sell drugs for profit. It's in the first indictment, it's in the second indictment. The only thing that happened is the passage of time and the government... But I'm not following what the relevance of that is for understanding Brosee. In other words, the force of the logic in Brosee that's potentially a problem for you if I understand it, is that when you have two offenses and you plead to both, that can be understood as an admission that they're different. So to just say, well, actually they're really different here and they weren't different there, but I mean the whole idea is that you give up the argument about difference when you plead to two offenses knowing that they can only be brought against you if they're different. Brosee cites Blackledge as authority in its case at page 575, and it states, citing Blackledge, in Blackledge, the concessions implicit in defendant's guilty plea were simply irrelevant because the constitutional infirmity in the proceedings lay in the state power to bring the indictment at all. Those are concessions about guilt for the offense. This is a question about, is it the same offense? Not denying that the admission counts as to the guilt for the offense. The question is, are you acknowledging it's the same offense or not? And I thought Brosee suggests that arguably you are conceding that they are different offenses. And what I would say was that, Honorable Judge Byron, is that on the facts of the case, if the court looks at the plea agreement in this case, there's a general acceptance of responsibility regarding the time frame of the conspiracy. There's no acceptance of responsibility of a particular additional act to have been taken during the scope of the second conspiracy. In Brosee, there are specific factual admissions of two distinct crimes. In this case, if the court compares the plea agreement in the first case and the plea agreement in the second case, you will see that in the second case, which is the one for the WLPD court purposes, there's not a single instance of a specific conduct that Mr. Perez admits to having done in addition or separately from what occurred in the ongoing conspiracy. The government knows that. That's why the government, in their brief, doesn't mention any additional act. They make general allegations that, for example, there were new drugs, that there were new people in the conspiracy. That doesn't change in any way the reality that a conspiracy under First Circuit law and generally accepted law, not the Fifth Circuit case law that's cited by the government in Dunn, is that it's presumed that the conspiracy continues. And in fact, looking at it for a factual perspective, that is what appears to be happening here. It's the same place, some of the same actors doing the same thing, which is selling drugs. The government talks about impunity, and I'm sure that's a concern. There's no impunity here. The government surely can have carefully drafted a different indictment if it had the evidence to do so. Was your client in jail in between the two alleged conspiracies? My client was in jail, yes. Doesn't that break the presence in the first conspiracy? That's what the government alleged. Well, it's not alleged. I mean, it's a fact. He can't be in two places at the same time. No, but being in jail does not stop the conspiracy, nor... No, but it may stop his participation in that conspiracy. It may, but it also may not. There's nothing on the record that shows that he stopped. There's nothing in the record, however, that says that he continued to participate in this conspiracy while he was in jail. It can happen, and it does happen, but there is no evidence here about that, is there? No, but the issue is that there's no admission that he did engage in different actions, and there's no admissions or evidence on the record either that he withdrew from the conspiracy. And the well-settled case law from this circuit is that the conspiracy, ongoing nature of the conspiracy, conspiracy must be presumed. And there's no evidence to rebut that presumption in this case. Are all of the people in the, I don't know if it's the first or the second conspiracy, a subset of the people in the other conspiracy? Or are we dealing with two conspiracies in which there's some overlapping people, but each conspiracy also has in it other people not in the other conspiracy? Do you understand? Yeah, I understand. I will say to that question that the gist of the conspiracy is not the people, it's the agreement, and the agreement is the same. Here, you have four. I know, that's not my question, though. That's just my question. If I looked at the indictment and I described the cast of characters in the two conspiracies, will there be some people in the one conspiracy that are not in the other? Yes, there are four people who are in both cases, and there are other people who are not charged. Oh, say 39. Exactly. So why isn't that itself a big problem for you? Because that suggests that they're just different conspiracies. Well, what I would say that suggests is that once the government says that they disabled the first conspiracy, given in the light of what they have alleged in both cases, it will appear that that conspiracy continued to basically to perform, and that someone indicted for conspirators continued to work at the Maya West housing project for selling drugs. And some people continued participating in it, and some people were not charged. I cannot say for sure that they did not participate. They simply were not charged in this second. The government obviously said there are new leaders, but the case law says that it's not the people, it's the agreement. It's what was agreed to, and I think my time is up. Thank you. Thank you. I may please the court, Dan Lerman for the United States. I will turn to the merits in a minute because I know the court was interested in that. But before we get there, I just wanted to make clear that the defendant's guilty plea, double jeopardy claim is barred for two reasons. He, first of all, expressly waived his right to appeal in his written plea agreement. And second, he pleaded guilty to committing two different offenses, and those admissions are binding. So I'd like to address those. Is this a rule that those plea agreements don't usually cover constitutional issues? No, that's not the rule, Your Honor. And so in United States versus class itself, what the court held, and this came up earlier, is that a guilty plea by itself does not bar a defendant from challenging the constitutionality of his conviction. The court didn't look, the court looked to whether there was a waiver there and found that the scope of the waiver in that case did not cover the claim that he was making because the waiver in that case enumerated certain claims that could be made and certain claims that could be made. Here, we have a blanket waiver. The waiver says the defendant knowingly voluntarily... Why wouldn't the miscarriage of justice exception apply? If there is a valid double jeopardy problem, what is the reason for saying it's not a miscarriage of justice to hold him to the plea agreement when it would be double jeopardy? This court could, has discretion to enforce the miscarriage of justice exception. In Teeter, this court said that the exception is to be applied sparingly, and it uses an example, for example, if a defendant is convicted based upon race. This court has not applied the exception in a double jeopardy claim, and in fact, in the United States... What about the Garza case? Excuse me, Your Honor? What about Garza? Supreme Court's decision in Garza, doesn't that suggest that a plea agreement doesn't  I don't think I'm familiar. What was the holding in Garza? That it was a question of unconstitutionality of a statute, and the Supreme Court said that the plea agreement, if I recall correctly, that the plea agreement didn't bar the constitutional challenge. And here, also, we have a constitutional issue of double jeopardy. Right, well, I'm not familiar with the facts of the case. I would say that I think class firmly stands for the proposition that it doesn't bar a constitutional challenge. You're just saying the appeal waiver independently serves as the bar. Yeah, so there are two waivers. With respect to the appeal waiver, what's your answer on Teeter? Right. My answer on Teeter is that in United States v. Pacheco, 921F31, is a decision by this court post-class. There, there was a plea waiver that looked exactly like this. It was a double jeopardy claim. And this court, Justice Souter, wrote that if the waiver stood, that would be, quote, the end of the matter. The court went on to say that the waiver was not knowing involuntary, because what the change of plea colloquy, you could always challenge this on appeal if you think your sentence or judgment is illegal. So what the court did there, I admit that that was not the holding, because the court then went on to go address whether or not his claim could be made. But implicit in that decision is that he would be waiving his double jeopardy claim. And courts have said as much repeatedly. And in Broche itself, the court made clear that you could waive all constitutional claims, including double jeopardy claims. But if this court is concerned about the miscarriage of justice exception, we do have the And in Broche, the court held that a defendant who pleads guilty to facial allegations of distinct offenses concedes that he's committed two separate crimes. In United States v. Class, the Supreme Court reaffirmed Broche and said that a guilty plea relinquishes any claim that would contradict the terms of the agreement, including terms But it's the first sentence that's the problem. Well, you mean about whether they're distinct offenses? Yeah, whether they're fakes. I mean, that's the whole issue. Well, so let me, but they are. So in Stephanodakis, this court said that the question under Broche is whether the record supplies, quote, a rational basis to find that the convictions were for different offenses. No, but if I just follow the logic, there is a contention made to us that these are the same offense because the conspiracy is the same and that you can tell that from the face of the indictment, right? That's the contention. Yeah. One possibility is that's just wrong. If I look at the face of the indictment, I will see that they are not the same offense. That has nothing to do with Broche. No, maybe I'm misunderstanding that. That is Broche, Your Honor. Why wouldn't that just be a normal? That had nothing to do with the plea particularly. I thought the idea was that when I make an admission to offense A and then I make an admission to offense B, I throw away my opportunity to tell you that those were the same offense. That's right. If A and B are facially distinct, Your Honor. Yeah, but so in Broche itself, this court said, well, sorry, in Stephanodakis interpreting a Broche, but in Broche too, you look to the record. So you look to both the indictment and you look to the plea agreement. And I suppose you could also look to the change of plea colloquy. And the question is whether there's a rational basis just on the face of those documents. So just on the indictment itself. So take your indictment one and indictment two. The question is whether there's a rational basis to conclude that those are distinct offenses. If so, then that is a complete bar to a double jeopardy claim. And here there is such a basis. The first indictment alleges a conspiracy that began in 2002 and went until 2010. The second indictment alleges a conspiracy that started in 2010 and went until 2016. That alleges facially two different conspiracies that started eight years apart, one in 2002 and one in 2010. It was an overlapping period of time. But well, I'll get to there could be overlapping periods of time on the face. Well, no, not on the face. It's plausible. But what he what that's what the defendant needs to show just to take a step back. It doesn't matter if there's an overlap in time because they still started at different points and ended at different points. That's an allegation of two conspiracies, even if there's a month in the middle. This court has stated it's the exact same people doing the exact same thing. Well, they're not. And I'll get to that on a different point. Right. If they were the exact same people doing the exact same thing, I submit that under gross, they would still be different conspiracies because it's a facial allegation of different conspiracies. Also, if you look to gross, you can look to the you're not relying on that. You know, your argument doesn't depend on that. My argument doesn't depend on what does your argument? Well, let me just make clear that the the indictments themselves also allege that the different roles in each conspiracy. This defendant played different roles. It alleged that there were different people except for the four overlapping alleges 28 people in the first conspiracy, 40 in the second only four in common. And it alleges that the conspiracies were led by different people. So these are facially allegations of different conspiracies. Just to back up, I know it sort of delves into the merits a little. But what happened here with the over the alleged overlap, and I will say there is no overlap because the PSR, which the defendant admitted to and did not object to, says that the second conspiracy started in August 2010. That is after everybody was arrested in July 2010. So we have completely non-overlapping conspiracies here. But before I get to that, I just want to say the reason why we have the non-overlapping conspiracies here is because the government went in and they it ended the first conspiracy. It went in, it arrested 28 people that left a void to fill, and a new conspiracy came in and filled that void. That is this is not the government artificially carving up a conspiracy or taking a conspiracy that a two overlaps or whatever. This is the government ending a conspiracy and a new conspiracy goes in. So like if a Wendy's goes out of business and a McDonald's comes in, we don't say that's the same restaurant, even if they're doing the same thing and selling hamburgers to the same people. But you don't have it. I thought you filed a 20. Is this the case you filed the 28 J letter in about post arrest conduct by the defendant? I don't believe so, your honor. I can get to the post arrest conduct issue that the post direct. No, I don't believe we did, your honor. But I'll check the record. Is there any evidence in the record as to what whether the defendant continued to engage in some kind of drug activity dealing with the first conspiracy while he was in jail? There's not, your honor. And this turns to another point, both whether it's on the gross test, which is whether the indictments facially alleged different crimes or getting to the merits, which we're turning to now. Plain error review applies. And so he needs to show we'd be plainly erroneous under gross to conclude that these were reasonably seen as two separate offenses. And to your honor's question, he needs to show not just that it's possible that there was an overlap. It's not just possible that he kept on committing acts and furthers of the conspiracy. He needs to show that, in fact, the conspiracy was ongoing to make out a supreme official case and that he was committing those acts for the five years that he was in jail after the first conspiracy ended and while the first conspiracy started. So we submit that the defendant cannot pass the five element Laguna Estella test, particularly under plain error review. So first, just go a little slower and go back to the first point on gross. What is, just crisply, what is the argument that under gross he loses because you could tell from the face of the indictment they were the same offense if you're not saying it's solely because of the timing? Different offenses, your honor. In addition to the timing, which I still submit is relevant here, is that they name almost entirely different people and it names different leaders of the two conspiracies. And it expressly states that the defendant here played different roles in both conspiracies, which are facts that he pleaded to and admitted in both plea agreements. So those are the facts in combination. Those are also facts that I'll turn to in the merits. But those also apply in gross because they're clear from the face of the indictment. We have some additional facts once we turn to the merits. So turning to the merits, again, the time periods are different. Now it's clear, your honor, I would submit, because as I stated, the PSR, which he did not object to, says that the second conspiracy started in August 2010. The PSR also states, and he did not object, that the defendant in the second conspiracy, quote, the defendants began independent drug tracking activities after the first conspiracy ended. And it said that it was a new criminal offense, this was at the plea colloquy, and a new conspiracy. But if you look at the time periods, we now have non-overlapping periods. If you look at the people, we have four people in common. And this court in Booth said that even 10 co-conspirators is not sufficient to make out that claim under the Laguna Estalicas. Here we have fewer. Third, the evidence is different. As I stated, and just maybe one more minute, as I stated- You ran out of time already, so round up. The evidence is different, not just because they're additional people, because they're different drugs, because it's different conspiracies, because everybody went to jail and new people came in. But again, as I said, the PSR and the plea colloquy, with the district judge, his counsel said that this is a new conspiracy, and the judge says that this is for a new criminal offense. So we would submit that under plain error review, he cannot meet his burden of showing that this was a single offense within the meaning of the five-factor Laguna Estela test. Thank you. Thank you, counsel. I would like to go first to the issue of waiver briefly. This court has issued, I understand, one opinion very recently, U.S. versus Rios-Rivera, 910-13F-38, which cites class for the statement of a guilty plea alone does not waive claims that the government could not constitutionally prosecute. And in U.S. versus Diaz-Rosado, a 2017 case, 857-F-389, it clearly stated that forfeiture for non-preserved errors requires plain error review. It makes a difference between when dealing with constitutional errors, there's a difference between waiver and forfeiture. And if the court would allow me to go to Brocci, which it appears to be the gist of this argument. It's your time. Huh? It's your time. So I, again, Brocci states, and I submit that it's for, it's different in this case. In Brocci, there were two indictments, two distinct agreements. Supreme Court clearly distinguishes that. Here, that's not the case. The conspirators here were united in a common purpose, a single goal, which was to distribute drugs in Columbus Landing. The commonalities, which in Brocci appear to be very separate, given the facts of that case, here are very similar. Time and place, there's overlapping. And again, why, if the government now claims that there's a particular time that was not included in the indictment, the indictment doesn't mention August 2010, then why Mr. Perez wanted evidence to be used against him, because that's in the discovery letter that's provided to him, which is the same that he received in the first case, that with regards to the March 2010 arrest. That's why Mr. Perez wanted his trial counsel to file a motion for double jeopardy, which he didn't. Going back to Brocci, even though there's a difference in personnel, and I agree with that, the other factors, the time overlap, the place, the manner, the means of the conspiracy are the same. It's the same agreement. They go at least on the face. Not if there was a hiatus because he was in jail. Then you would have two agreements. Yeah. Going to that first agreement, and then he joins the second one by another agreement. Going to that, Your Honor, I will submit respectfully U.S. v. Manuel 562 F3 422, U.S. v. Piper 2988 F3 47 and 53. Both of those cases are different from Don. They find exactly the contrary. Don is a fifth circuit case where the government cites for the precedent that once a defendant is arrested, his participation in the conspiracy concludes. These first circuit cases, Manuel and Piper stand otherwise. It stands that the arrest is not the end of the conspiracy, either for the conspiracy itself or the defendant. Multiple courts have followed these court leads and have ruled that conspiracy is presumed to continue. And the government made no argument today how, on the face of the evidence the trial court had, that presumption was rebutted in any way besides saying that there were other individuals in the conspiracy. That's the only factor. And I will submit respectfully that's not enough. But Gibson is another case cited by the government for the impunity argument. But Gibson in the opinion states something very important. It says precise point when further participation triggers a new crime is not decided. Gibson did not decide that question. And that's the question the court has now. When did Mr. Pérez committed a further participation which triggers a new crime? I will submit there's no evidence as to that. And the double jeopardy protection should protect Mr. Pérez of the second indictment. Thank you.